## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE STEWART, | ) | Civil Action No. 3:13-cv-00246 |
| | ) | |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Kim R. Gibson |
| | ) | |
| PA DEPT. OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

**ORDER**

This prisoner civil rights action was received by the Clerk of Court on November 1, 2013

(ECF No. 1) and was referred to a United States magistrate judge for pretrial proceedings in

accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the local rules of court.

On November 6, 2013, the case was statistically closed because the Complaint was received

without a filing fee or the forms required to proceed in forma pauperis. On November 14, 2013,

Plaintiff refiled his Complaint and paid the filing fee in full. (ECF No. 3).

On November 10, 2014, the Magistrate Judge filed a Report and Recommendation (ECF

No. 51) recommending the following: (i) the Motion to Dismiss filed by Superintendent Steven

Glunt, Corrections Healthcare Administrator Debra Younkin, and Nurse Marvin Branto

(collectively referred to as the "DOC Defendants") (ECF No. 38) be granted in part and denied

in part; (ii) the Motion to Dismiss filed by Corizon Health Care, Inc., Mandy Corman and Maria

Leahy be granted in part and denied in part (ECF No. 40) ; and (iii) the Motion to Dismiss filed

by Muhammad Naji, M.D., incorrectly identified in the caption and Complaint as "Mahammod

Naji," and Maria Leahy, P.A. (ECF No. 42) be denied.[1]

---

[1]     Defendant Leahy is represented by two sets of attorneys due to overlapping insurance
coverage. As a result, two motions to dismiss were filed on behalf of Defendant Leahy, both of
which were denied. (ECF Nos. 40 and 42). As will be discussed *infra,* objections have been

Defendants Muhammad Naji M.D., and Maria Leahy, P.A., filed objections, and brief in support of objections, to the Report and Recommendation on November 26, 2014. (ECF Nos. 52 and 53). Plaintiff filed his own objections on December 1, 2014. (ECF No. 55). The parties' objections will be addressed seriatim.

## Objections of Defendants Naji and Leahy

Defendants Naji and Leahy have three objections to the Report and Recommendation, to wit: (i) the magistrate judge erred in not granting their motion to dismiss as the Amended Complaint does not state a deliberate indifference to medical needs claim; (ii) the magistrate judge failed to address the merits of Defendants' arguments regarding Plaintiff's state law medical malpractice claims; and (iii) the magistrate failed to address Defendants' arguments that the Amended Complaint seeks to hold Defendants Naji and Leahy personally liable for the acts of others. The Court will address each objection in turn.

As to Defendants' first objection, Defendants are correct that more than allegations of medical malpractice are required to state a claim of deliberate indifference. Here, however, as the Report and Recommendation notes, at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. The Court concludes, as did the magistrate judge, that enough has been alleged in the Amended Complaint to require some inquiry into the allegation that Defendants may have deliberated denied or delayed medical treatment to Plaintiff.

As to Defendants' second objection, Defendants argue that the Court erred in not addressing the merits of their argument regarding Plaintiff's state law medical negligence claims. In order to proceed with his medical negligence claims, Plaintiff must file a Certificate

filed on Defendant Leahy's behalf only as to the Motion to Dismiss filed at ECF No. 42.

of Merit. Plaintiff requested an extension of time in which to do so, which request was granted by the magistrate judge. Plaintiff has until January 9, 2015 to file a Certificate of Merit. Given the allowance of an extension of time for the filing of the Certificate of Merit, a decision as to the merits with respect to these claims was appropriately held in abeyance.

Defendants' third and final objection is that the Report and Recommendation failed to address Defendants' arguments that "the Amended Complaint improperly seeks to hold Defendants Naji and Leahy liable for the alleged acts of others . . . , notwithstanding the failure of the Amended Complaint to plead facts showing personal involvement by these Defendants in such acts or indicating that Dr. Naji and Physician Assistant Leahy are policy makers for purposes of Section 1983." Obj. at ¶ 20. In his response to the motion to dismiss, Plaintiff specifically argues as follows:

> As stated, the common practice at this facility is forced Grievances for medical care. Especially, serious medical care, that would cost the facility's medical department. The medical Departments objective being to save cost and expense. Dr. Naji, is head of the medical Department. Any medical treatment is under his supervision, and control. This includes RN's, (registered nurses) and PA's (physician's assistance). Defendant Leahy, conceded to the practice and custom's at this facility, Which caused the Constitutional harm to the plaintiff.

Pl's Resp. at 3-4 (ECF No. 45).[2] Given the nature of the allegation and the liberal treatment afforded *pro se* allegations, the Court finds that at this early stage of the litigation, Plaintiff has sufficiently alleged personal involvement by Defendants Naji and Leahy and/or that Defendant Naji was a policy maker. Therefore, Defendants' third objection is denied.

---

[2] Because Plaintiff is a prisoner appearing pro se, the Court treats the factual allegations contained in his responses to the motions to dismiss as though they were included in the amendments to his complaint. *Baker v Younkin*, 529 F. App'x 114, 114 n.2 (3d Cir. 2013)(citing *Lewis v. Att'y Gen. of U.S.*, 878 F.2d 714, 722 (3d Cir. 1989)).

## Objections of Plaintiff

Plaintiff objects to the recommendation that Defendants Younkin, Superintendent Glunt, Corizon Health Care, Inc. and Rich Hallsworth be dismissed. It is established law that if a prisoner is under the care of medical experts (Dr. Naji and his assistants in this case), a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.*

The Court agrees with the magistrate judge in finding that Plaintiff has failed to plead facts suggesting that either Glunt or Younkin were aware of the alleged inadequacies in his medical care. Further, as noted in the Report and Recommendation, Plaintiff has not identified a specific supervisory practice or procedure that either Glunt or Younkin failed to employ.

Likewise, as to Corizon Health, Inc., and its CEO, Rich Hallsworth, the Court agrees with the magistrate judge that Plaintiff, through his Amended Complaint, has not alleged any facts from which it can reasonably be inferred that Corizon Health had a policy or custom regarding the events he complains about, the nature of any policy or custom, or that a policy or custom caused a violation of his rights.

Accordingly, Plaintiff's objections are denied.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

AND NOW, this _15th_ day of December, 2014,

IT IS HEREBY ORDERED as follows:

1.    The Motion to Dismiss filed by the DOC Defendants (ECF No. 38) is

**GRANTED IN PART AND DENIED IN PART.**

2.    The Motion to Dismiss filed by Corizon Health Care, Inc., Mandy Corman, and

Maria Leahy (ECF No. 40) is **GRANTED IN PART AND DENIED IN PART.**

3.    The Motion to Dismiss filed by Defendants Muhammad Naji, M.D., and Maria

Leahy, P.A. (ECF No. 42) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Glunt, Younkin, Corizon Health,

Inc., and Rich Hallworth are dismissed from the case, leaving only Defendants Branto, Corman,

Leahy, Naji and John Doe, a Physician Assistant (who remains unidentified and unserved).

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF. No. 51)

dated November 10, 2014, as supplemented by this Order, is **ADOPTED** as the Opinion of the

Court.

**IT IS FURTHER ORDERED** that       Defendants Branto, Corman, Leahy, Naji

shall file their responsive pleading(s) in accordance with Federal Rule of Civil Procedure

12(a)(4)(A).

By the Court:

Kim R. Gibson
United States District Judge

cc.    LEE STEWART
       GM-3632
       SCI Houtzdale
       P.O. Box 1000
       Houtzdale, PA 16698-1000
       (via U.S. First Class Mail)

Yana L. Warshafsky
Office of the Attorney General
(via ECF electronic notification)

J. Eric Barchiesi
Law Offices of Bernard J. Kelly
(via ECF electronic notification)

Arthur J. Murphy, Jr.
Murphy Taylor
(via ECF electronic notification)

Donald G. Lucidi
Murphy Taylor, LLC
(via ECF electronic notification)